

ATTORNEYS AT LAW

90 PARK AVENUE
NEW YORK, NY 10016-1314
212.682.7474 TEL
212.687.2329 FAX
WWW.FOLEY.COM

WRITER'S DIRECT LINE
212.338.3634
nmarschean@foley.com

June 13, 2022

**Via ECF**
Hon. Alvin K. Hellerstein
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

      Re:    *SpeedFit LLC et al v. Woodway USA, Inc. et al*; Case No. 1:22-cv-04733-AKH -- Request to File Certain Exhibits Under Seal

Dear Judge Hellerstein:

      We represent Woodway USA, Inc. ("Woodway") and Douglas Bayerlein (collectively "Defendants") in the recently removed above-referenced matter that Plaintiffs Aurel A. Astilean and Speedfit LLC (collectively, "Plaintiffs") originally filed in the Supreme Court of the State of New York, Westchester County, Index No. 59781/2022. Pursuant to Rule 4.B of Your Honor's Individual Rules, Woodway respectfully submits this letter to request to redact certain information from Exhibit A of Defendants' Notice of Removal (ECF No. 1-1) and to seal in its entirety Exhibit A to the Declaration of Nicole M. Marschean, Esq. In Support of Defendants' Motion to Dismiss Plaintiffs' Verified Complaint.

      Woodway acknowledges that the public generally has an interest in judicial proceedings and that under the law there is a "presumption of access" to judicial documents. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006). However, when the privacy interests of parties (or other "countervailing factors") outweigh the public's general interest, this presumption can be overcome. *Id.* at 120.[1] If there is "good cause" to depart from the presumption – i.e., a clearly defined and serious injury could result from disclosure – the document may be sealed. *Standard Inv. Chartered, Inc. v. Nat'l Ass'n of Sec. Dealers, Inc.*, No. 07 Civ. 2014 (SWK), 2008 U.S. Dist. LEXIS 4617, at *6-10 (S.D.N.Y. Jan. 22, 2008); *ITT Indus., Inc. v. Rayonier, Inc.*, No. 05 Civ. 4322 (CLB), 2005 U.S. Dist. LEXIS 49821, at *6 n.4 (S.D.N.Y. July 20, 2005) (even when the court sees no need for secrecy, "the wishes of the parties are entitled to some consideration").

      Here, the material for which Woodway seeks protection is the confidential Settlement Agreement between the Parties, which is the subject of the instant action. Woodway also requests

---

[1] The Second Circuit employs a three-step test in these cases, determining (1) whether the at-issue material is actually a judicial document – i.e., an "item … relevant to the performance of the judicial function and useful in the judicial process" – so that the presumption applies; (2) if the material is a judicial document, the role the material plays in the court's exercise of its judicial powers and the value of such information to those monitoring the federal courts; and (3) whether the presumption of access outweighs any countervailing factors, such as "the privacy interests of those resisting disclosure." *Lugosch*, 435 F.3d at 119-20 (internal citations omitted).

| AUSTIN | DETROIT | MEXICO CITY | SACRAMENTO | TALLAHASSEE |
|---|---|---|---|---|
| BOSTON | HOUSTON | MIAMI | SALT LAKE CITY | TAMPA |
| CHICAGO | JACKSONVILLE | MILWAUKEE | SAN DIEGO | WASHINGTON, D.C. |
| DALLAS | LOS ANGELES | NEW YORK | SAN FRANCISCO | BRUSSELS |
| DENVER | MADISON | ORLANDO | SILICON VALLEY | TOKYO |

4870-2568-4261.1



June 13, 2022
Page 2

certain redactions of references to the confidential information contained within the Settlement Agreement. The Settlement Agreement, (Exhibit A to the Marschean Declaration), is branded "CONFIDENTIAL." The express terms of the Settlement Agreement require confidentiality, and public disclosure of this Agreement is competitively harmful to Woodway. (Marschean Decl., Exhibit A at ¶ 12.01.) Additionally, the Settlement Agreement includes confidential financial information.

The chart below sets forth the specific material for which Woodway requests redactions and sealing, identified by the category of protected information.

| EXHIBITS SUBJECT TO SEALING REQUEST ||
|---|---|
| **EXHIBIT** | **TYPE OF MATERIAL TO BE PROTECTED** |
| Exhibit A of Notice to Removal (REDACTED) | Contains information designated "Confidential" by the Parties that constitutes proprietary business information that would cause competitive harm to the Parties were it to be publically disclosed |
| Exhibit A to Declaration of Nicole M. Marschean, Esq. in Support of Defendants' Motion to Dismiss (SEALED IN ITS ENTIRETY) | Document is designated as "Confidential" by the Parties and includes proprietary business information that would cause competitive harm to the Parties were it to be publically disclosed |

Accordingly, Woodway respectfully requests that this Court so order the sealing of the documents and information described herein. Pursuant to Your Honor's Rules, Woodway will contemporaneously file Exhibit A to the Marschean Declaration and the proposed redactions to ECF No. 1-1 under seal and will provide unredacted courtesy copies of all filings to Your Honor's Chambers.



June 13, 2022
Page 3

        Respectfully submitted,

        */s/ Nicole M. Marschean*

        Nicole M. Marschean