# EXHIBIT A

CONFIDENTIAL

## SETTLEMENT AGREEMENT

This Settlement Agreement ("Settlement Agreement") is entered into effective as of October 16, 2020 (the "Effective Date") by and among Woodway USA, Inc. ("Woodway"); Alex Astilean, an individual residing in the state of New York ("Astilean"); and Speedfit LLC, a New York limited liability company ("Speedfit"). Astilean and Speedfit are collectively identified as "Plaintiffs." Woodway and Plaintiffs are referred to as "party" or "parties" as appropriate. This Settlement Agreement shall be enforced exclusively by any competent state or federal court within the state of New York.

This Settlement Agreement incorporates in its entirety the Term Sheet executed by the parties on October 16, 2020, including all terms and provisions, attached as Appendix A to this Settlement Agreement ("Term Sheet"). For clarity and completeness, the parties supplement the Term Sheet with the following Premises and further agree as follows. In the event of any inconsistencies between the Term Sheet and Settlement Agreement, the provisions of the Settlement Agreement shall govern.

## PREMISES

**WHEREAS,** Woodway and Plaintiffs are parties to two lawsuits pending in the United States District Court for the Eastern District of New York, Case Nos. 2:13-cv-01276-KAM-AKT and 2:17-cv-00768-KAM-AKT ("Litigations"), and the parties desire to resolve all issues related to the Litigations without any admission of fault; and

**WHEREAS,** the parties desire a global and permanent settlement of any and all disputes, whether now ripe, speculative, or contemplated in the future, relating to manual, curved treadmills or business dealings relating thereto.

CONFIDENTIAL

NOW THEREFORE, in consideration of the mutual covenants, agreements, and warranties herein contained, and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the parties further agree as follows:

1. **Definitions**.

    1.01    "**Affiliates**" means any individual, corporation, partnership, or business entity that controls, is controlled by, or is under common control by a party to this Settlement Agreement and in the case of Speedfit, this definition includes any corporation, partnership, or business entity that controls, is controlled by, or is under common control by Astilean or the spouse of Astilean.  The term "control" as used in this definition includes direct or indirect ownership of at least fifty-percent (50%) of the voting or equity shares or interest of a corporation or at least fifty-percent (50%) of the beneficial ownership of any other entity.

2.

CONFIDENTIAL



3

CONFIDENTIAL



6.    **Obligations of Woodway**.

6.01    Simultaneous with execution of this Settlement Agreement, Woodway shall execute the Assignment.



Nothing in this paragraph precludes Woodway from competing with Plaintiffs or restrains commercial speech, including product comparisons.

6.03    Within three (3) days of the Effective Date, Woodway shall file a mutually agreeable Stipulation of Dismissal with Prejudice in the Litigations.

4

CONFIDENTIAL

7.    **Obligations of Plaintiffs**.

7.01    Simultaneous with execution of this Settlement Agreement, Speedfit shall

execute the Assignment.

4823-0816-6351.1

CONFIDENTIAL

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

████████████████████

9.      **Representations and Warranties**.  The parties each represent and warrant that it/he has all the requisite legal rights necessary to enter into and execute this Settlement Agreement.

10.     **Term**.  This Settlement Agreement shall commence on the Effective Date and all of the parties' respective rights and obligations provided herein shall survive unless and until █ ██████████████████████████████

11.     **Costs and Fees**.  The parties will bear their own costs and attorneys' fees in the Litigations and in the preparation of the Term Sheet and this Settlement Agreement. ████████

████████████████████████████████████████████████

████████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████

12.     **Confidentiality.**

12.01   The specific terms of the Term Sheet and this Settlement Agreement are confidential and shall not be disclosed by any party to any other person or entity without the written consent of the other parties, except as reasonably necessary to auditors or business agents having a need to know and who shall be obligated to maintain such information in confidence.

████████████████████████████████████████████████

████████████████████████████████████████████████

6

CONFIDENTIAL

████████████████████████████████████████████████████

████████████████████████

12.03   Plaintiffs agree that Woodway is not in posssesion of any Speedfit or Astilean confidential information.

12.04   Woodway agrees that Plaintiffs are not in possession of any Woodway confidential information.

13.   **Amendment**.   This Settlement Agreement may not be amended, modified, or supplemented except by a written instrument signed by authorized representatives of all the parties.

14.   **Event of Breach.**   In the event of any breach of this Settlement Agreement, the non-breaching party may immediately seek any and all appropriate remedies, both legal and equitable, in any court of competent jurisdiction.   The parties acknowledge and agree that breach of this agreement will cause irreparable harm and that monetary damages alone would not be an adequate remedy.   ████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████

15.   **Reliance on Own Counsel**.   In entering into the Term Sheet and this Settlement Agreement, the parties acknowledge that they have relied upon the legal advice of their respective attorneys, who are the attorneys of their own choosing, that such terms are fully understood and voluntarily accepted by them, and that, other than the consideration set forth herein, no promises or representations of any kind have been made to them by the other party. The parties represent and acknowledge that in executing this Settlement Agreement they did not rely, and have not relied, upon any representation or statement, whether oral or written, made by

CONFIDENTIAL

the other party or by that other party's agents, representatives, or attorneys with regard to the subject matter, basis or effect of this Settlement Agreement or otherwise.

16.     **Drafting of this Agreement**. This Settlement Agreement has been prepared by the combined efforts of the parties and shall not be interpreted against any one party as a result of that party's or its counsel's involvement in the drafting of this Settlement Agreement.

17.     **Cooperation**.  The parties will cooperate and promptly execute any additional documents and take any other actions that are reasonably necessary to carry out the parties' obligations and intended results of this Settlement Agreement.

18.     **Notices**.  Any notice, request, instruction or other document to be given hereunder by a party hereto shall be in writing and shall be deemed to have been given, (a) when received if given in person, (b) on the date of transmission if sent by e-mail, or other wire transmission (with answer back confirmation of such transmission), (c) upon delivery, if delivered by a nationally known commercial courier service providing next day delivery service (such as Federal Express), or (d) upon delivery, or refusal of delivery, if deposited in the US mail, certified or registered mail, return receipt requested, postage prepaid:

To Speedfit or Astilean:

Alex Astilean
79 Newtown Lane
East Hampton, NY 11937
alex@speedfit.com

with a copy to:

Fishman Decea & Feldman
84 Business Park Drive, Suite 200
Armonk New York 10504
tdecea@dfdlawfirm.com

To Woodway:

Doug Bayerlein
Woodway USA, Inc.
W229 N591 Foster Court
Waukesha, WI 53186

**CONFIDENTIAL**

dgb@woodway.com

with a copy to:                        Kadie M. Jelenchick
                                               Foley & Lardner LLP
                                             777 E. Wisconsin Ave.
                                               Milwaukee WI 53202-5306
                                             kjelenchick@foley.com

or to such other individual or address as a party hereto may designate for itself by notice given as herein provided.

19.     **Headings**.  The headings of this Settlement Agreement are for convenience only and shall not be deemed part of this Settlement Agreement.

20.     **Governing Law**.  This Settlement Agreement shall, as to all matters, including but not limited to matters of validity, construction, effect, performance and remedies, be governed by and construed in accordance with the Laws of the State of New York, without giving effect to any of the conflicts of laws or choice of law provisions thereof that would compel the application of the substantive Laws of any other jurisdiction. The Parties agree to exclusive jurisdiction of the United States District Court for the Eastern District of New York and all claims or proceedings brought by a Party relating to this Settlement Agreement will brought only in this District.

21.     **Binding Nature; Assignment**.  This Settlement Agreement shall be binding upon and inure to the benefit of the parties hereto and their respective successors and permitted assigns as provided for herein.

22.     **Severability**.  If any provision of this Settlement Agreement is determined to be invalid, illegal, or unenforceable under any controlling body of law, that provision shall be reformed, construed, and enforced to the maximum extent permissible. The validity, legality, and enforceability of the remaining provisions shall not in any way be affected or impaired.

**CONFIDENTIAL**

23.     **No Third-Party Beneficiaries**.  This Settlement Agreement is solely for the benefit of the Parties hereto and nothing contained herein, express or implied, is intended to confer on any person other than the Parties hereto or their successors and permitted assigns, any rights, remedies, obligations, claims, or causes of action under or by reason of this Settlement Agreement.

24.     **Waivers**.  The failure of a party to insist, in any one or more instances, upon the performance of any of the terms, covenants, or conditions of this Settlement Agreement or to exercise any right hereunder, shall not be construed as a waiver or relinquishment of the future performance of any such term, covenant, or condition or the future exercise of such right, and the obligation of the other party(ies) with respect to such future performance shall continue in full force and effect.

25.     **Counterparts and Execution**.  This Settlement Agreement may be executed simultaneously in counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.  Any counterpart may be executed by facsimile signature and such facsimile signature shall be deemed an original.

*[Signatures on the following page]*

10

**CONFIDENTIAL**

WHEREFORE, the parties, each intending to be legally bound, have caused this Agreement to be executed by a duly authorized representative.

Woodway USA, Inc.                                    Speedfit LLC

By: _____                    By: _____
Doug Bayerlein, President                              Alex Astilean, President


                                                         Alex Astilean (in his individual capacity)

                                                         _____
                                                         Alex Astilean

4823-0816-6351.1

CONFIDENTIAL

## **<u>Appendix A</u>**

Term Sheet

12

Confidential – For Settlement Purposes Only
Subject to FRE 408

## Term Sheet
October 16, 2020

This binding term sheet (this "Term Sheet") is made and agreed to effective as of October 16, 2020, by and among Woodway USA, Inc., a Wisconsin corporation ("Woodway"); Alex Astilean, an individual residing in the state of New York ("Astilean"); and Speedfit LLC, a New York limited liability company ("Speedfit"). Astilean and Speedfit are collectively identified as "Plaintiffs." The expectation is that the parties will memorialize this Term Sheet in a formal "Settlement Agreement," but in the event that the parties are unwilling or unable to reach agreement on such a formal Settlement Agreement within thirty (30) days, then this Term Sheet shall be a binding agreement that shall be enforced exclusively by any competent state or federal court within the state of New York.

1. **Litigations.** The parties will immediately notify the Court that they have executed this binding Term Sheet, and no later than October 19, 2020, the parties will file stipulations of dismissal, with prejudice, in both litigations filed against Woodway, specifically, Case Nos. 2:13-cv-01276-KAM-AKT and 2:17-cv-00768-KAM-AKT, which includes dismissal of all rights of appeal and claims for costs or attorneys' fees.

2. [redacted]

3. [redacted]

4. [redacted]

5. [redacted]

Confidential – For Settlement Purposes Only
Subject to FRE 408

█████████████████████

████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████

9. **Costs and Fees.** The parties will bear their own costs and attorneys' fees.

10. **Severability.** If any provision of this Term Sheet is determined to be invalid, illegal, or unenforceable under any controlling body of law, that provision shall be reformed, construed, and enforced to the maximum extent permissible. The validity, legality, and enforceability of the remaining provisions shall not in any way be affected or impaired.

11. **Confidentiality.** The specific terms of this Term Sheet and Settlement Agreement are confidential and shall not be disclosed by any party to any other person or entity without the written consent of the other parties. ████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
██████████████████████████████

<INTENTIONALLY LEFT BLANK>

4849-2492-1039.1

Confidential – For Settlement Purposes Only
Subject to FRE 408

**IN WITNESS WHEREOF,** the parties hereto have caused this Term Sheet to be executed and delivered, in duplicate counterparts, each of which shall be deemed an original hereof, as of the date first above written.

**Woodway USA, Inc.**

By:  Doug Bayerlein
President

**Alex Astilean**

**Speedfit LLC**

By: Alex Astilean
President

3

4849-2492-1039.1

CONFIDENTIAL

**Appendix B**

**RECORDATION PATENT ASSIGNMENT**

13

CONFIDENTIAL

## RECORDATION PATENT ASSIGNMENT

THIS RECORDATION PATENT ASSIGNMENT (the "Recordation Assignment") is made as of October 16, 2020, by and among Woodway USA, Inc., a Wisconsin corporation ("Woodway) and Speedfit LLC, a New York limited liability company ("Speedfit").

Simultaneous with this Recordation Assignment, Woodway and Speedfit have entered into a master agreement providing the controlling language relating to the assignment of US Patent D736866 (the "Patent") from Woodway to Speedfit. The purpose of this Recordation Assignment is to create a document suitable for public recordation with the US Patent and Trademark Office to implement the assignment from Woodway to Speedfit.

NOW, THEREFORE, for good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, Woodway hereby agrees to and, as of the date of this Recordation Assignment, does sell, convey, transfer, and assign to Speedfit, whatever right, title and interest in and to the Patent Woodway possesses, together with all rights of priority, reissues and re-examinations thereof, as well as all rights of enforcement and recovery for past infringement, the same to be held and enjoyed by Speedfit, for its own use and on behalf of its successors and assigns, as fully and entirely as the same would have been held and enjoyed by Woodway had this Recordation Assignment not been made.

Woodway authorizes the Commissioner of the US Patent and Trademark Office to record Speedfit as the assignee and owner of any and all of Woodway's right, title and interest in and to the Patent.

Nothing contained in this Recordation Assignment will in any way supersede, modify, amend, waive, or otherwise affect any of the provisions set forth in the master agreement, including without limitation any of the representations, warranties, covenants, and agreements set forth therein, this Recordation Assignment being intended only to effect the transfer by

14

CONFIDENTIAL

Woodway to Speedfit of the Patent.  In the event of any conflict or inconsistency between the master agreement and this Recordation Assignment, the master agreement will control.

**IN WITNESS WHEREOF,** the parties hereto have caused this Assignment to be executed as of the day and year first above written.

WOODWAY USA, INC.

By: _____
Doug Bayerlein, President

SPEEDFIT LLC

By: _____
Alex Astilean, President

15