UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
SPEEDFIT LLC and AUREL A. ASTILEAN,

                                        Plaintiffs,

                - against -

WOODWAY USA, INC. and DOUGLAS
BAYERLEIN,

                                        Defendants.
------------------------------------------------------------x

**OPINION & ORDER**

No. 22-CV-4733 (CS)

<u>Appearances</u>:
Thomas B. Decea
Fishman Decea & Feldman
Armonk, New York
*Counsel for Plaintiffs*

Nicole M. Marschean
Anne B. Sekel
Foley & Lardner LLP
New York, New York

Kadie M. Jelenchick
Matthew W. Peters
Foley & Lardner LLP
Milwaukee, Wisconsin
*Counsel for Defendants*

<u>Seibel, J.</u>

        Before the Court are two motions:  1) the motion of Defendants Woodway USA, Inc.

("Woodway") and Douglas Bayerlein (together, "Defendants") to dismiss the Complaint or, in

the alternative, transfer the case to the United States District Court for the Eastern District of

New York, (ECF No. 8); and 2) the motion of Speedfit LLC ("Speedfit") and Aurel Astilean

(together, "Plaintiffs") to remand this case to the Supreme Court of the State of New York,

Westchester County, (ECF No. 19).  For the following reasons, Defendants' motion to dismiss

under Federal Rule of Civil Procedure 12(b)(3) is DENIED, Defendants' motion to transfer is GRANTED, Defendants' motion to dismiss under Federal Rule of Civil Procedure 12(b)(2) is DENIED without prejudice, and Plaintiffs' motion to remand is DENIED.

## I.    BACKGROUND

On October 16, 2020, Speedfit, Astilean, and Woodway entered into a settlement agreement (the "Settlement Agreement") to resolve two cases then pending before the United States District Court for the Eastern District of New York involving patents relating to a non-motorized treadmill.[1]  (*See* ECF No. 12-2 ("Settlement Agmt.").)[2]

Of relevance to this case, the Settlement Agreement refers to the appropriate forum for dispute resolution in three separate places.  First, the introduction to the Settlement Agreement states that the agreement "shall be enforced exclusively by any competent state or federal court within the state of New York."  (*Id.* at 1.)  Second, paragraph 14 of the Settlement Agreement, a provision entitled "Event of Breach," states in part, "In the event of any breach of this Settlement Agreement, the non-breaching party may immediately seek any and all appropriate remedies, both legal and equitable, in any court of competent jurisdiction."  (*Id.* ¶ 14.)  Third, paragraph 20 of Settlement Agreement, a provision entitled "Governing Law," states in part, "The Parties agree to exclusive jurisdiction of the United States District Court for the Eastern District of New York and all claims or proceedings brought by a Party relating to this Settlement Agreement will brought [*sic*] only in this District."  (*Id.* ¶ 20.)

---

[1] *Speedfit LLC v. Woodway USA, Inc. ("Speedfit I")*, No. 13-CV-1276 (E.D.N.Y. filed Mar. 11, 2013); *Speedfit LLC v. Woodway USA, Inc. ("Speedfit II")*, No. 17-CV-768 (E.D.N.Y. filed Feb. 10, 2017).

[2] The Settlement Agreement is confidential and filed under seal, but the portions relevant to the instant motions have been quoted in the parties' briefs.  The Court cites only the same provisions the parties have revealed.

Following an alleged breach of the Settlement Agreement, Plaintiffs filed a complaint against Defendants in Westchester Supreme Court on April 26, 2022. (ECF No. 1-1.)[3] On April 28, 2022, Plaintiffs delivered the Summons and Complaint to Woodway's company headquarters via Federal Express. (ECF No. 19-7.) On May 2, 2022, Plaintiffs' counsel emailed Defendants' counsel asking if Defendants intended to return receipts of service, and on the same date Defendants' counsel responded by asking for the service receipts for execution. (ECF No. 10-2.) On May 10, 2022, Defendants' counsel noted that she had received the acknowledgement of service receipts and stated, "I will accept service on behalf of Woodway and Mr. Bayerlein today and this email is evidence of the same." (*Id*.) On May 11, 2022, the parties executed a joint stipulation extending through June 10, 2022 Defendants' time to answer, move, or otherwise respond to the Complaint. (ECF No. 1-1 at 35.)[4]

On June 6, 2022, Defendants removed the action to this Court based on diversity jurisdiction. (ECF No. 1.) In the civil cover sheet, Defendants' counsel certified that it should be assigned to the Manhattan courthouse under the Court's Local Rules for Division of Business, (ECF No. 2), and it was assigned to Judge Alvin K. Hellerstein. On June 13, 2022, Plaintiffs sought a certificate of default on the ground that Defendants had failed to respond to the Complaint by June 10, 2022. (ECF No. 7-2.) Plaintiffs also noted that they would be moving to remand on the ground that removal was untimely. (ECF No. 7 ¶ 9.) On June 13, 2022,

---

[3] On April 29, 2022, Woodway filed a complaint against Plaintiffs in the United States District Court for the Eastern District of New York also alleging a breach of the Settlement Agreement. Complaint, *Woodway USA, Inc. v. Speedfit LLC*, No. 22-CV-2455 (E.D.N.Y. Apr. 29, 2022). Plaintiffs allege in their briefing that this suit was filed "[i]n retaliation for Plaintiffs declaring a default of the Contract, and the commencement of the [Westchester Supreme] Court Action." (ECF No. 20 ("Ps' Mem.") at 2.)

[4] Citations to this document refer to page numbers generated by the Court's electronic filing system.

Defendants filed a motion to dismiss the Complaint or, in the alternative, transfer the case to the United States District Court for the Eastern District of New York.  (ECF No. 8.)

On June 17, 2022, Judge Hellerstein denied Plaintiffs' request for a certificate of default, finding that under Federal Rule of Civil Procedure 81(c)(3), Defendants had until seven days after removal to respond to the Complaint, and that they had done so by moving to dismiss on June 13, 2022.  (ECF No. 14.)  On June 27, 2022, Plaintiffs filed their opposition to Defendants' motion to dismiss, (Ps' Mem.), and moved to remand the case to state court on the ground that removal was untimely, (ECF No. 19).  On July 5, 2022, Defendants filed their reply in support of the motion to dismiss, (ECF No. 26 ("Ds' Reply")), and on July 11, 2022, they filed their opposition to Plaintiffs' motion to remand, (ECF No. 33 ("Ds' Opp.")).  Plaintiffs filed their reply in support of the motion to remand on July 28, 2022.  (ECF No. 35 ("Ps' Reply").)

On July 1, 2022, before either motion was fully briefed, the matter was reassigned to the undersigned in White Plains.

## II.  LEGAL STANDARD

### A.  Motion to Remand

An action filed in state court may be removed by a defendant if "the district courts of the United States have original jurisdiction."  28 U.S.C. § 1441(a).  Among other things, "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."  *Id.* § 1332(a)(1).

A defendant seeking to remove a civil action from state court must file "in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and

containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action." *Id.* § 1446(a).

"A party seeking removal bears the burden of showing that federal jurisdiction is proper." *Montefiore Med. Ctr. v. Teamsters Loc. 272*, 642 F.3d 321, 327 (2d Cir. 2011). "[O]ut of respect for the limited jurisdiction of the federal courts and the rights of states," *In re Methyl Tertiary Butyl Ether Prods. Liab. Litig.*, 488 F.3d 112, 124 (2d Cir. 2007), removal jurisdiction must be "strictly construed" and any doubts should be resolved against removability, *Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 32 (2002).

### B.    Motion to Transfer Venue

Under 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." "The determination whether to grant a change of venue requires a balancing of conveniences, which is left to the sound discretion of the district court." *Forjone v. California*, 425 F. App'x 73, 74 (2d Cir. 2011) (summary order) (cleaned up). The inquiry involves two steps: first, the court must establish whether the case could have been filed in the proposed transferee district, and second, the court must determine whether the convenience of the parties and the interests of justice favor transfer. *See Fuji Photo Film Co. v. Lexar Media, Inc.*, 415 F. Supp. 2d 370, 373 (S.D.N.Y. 2006). "[T]he party requesting transfer carries the burden of making out a strong case for transfer," *N.Y. Marine & Gen. Ins. Co. v. Lafarge N. Am., Inc.*, 599 F.3d 102, 114 (2d Cir. 2010) (cleaned up), and must point to "clear and convincing evidence upon which the Court can base its decision," *Lewis-Gursky v. Citigroup, Inc.*, No. 15-CV-3213,

2015 WL 8675449, at *2 (S.D.N.Y. Dec. 11, 2015) (cleaned up).  "[I]n deciding a motion to transfer, a court may consider material outside of the pleadings."  *Garcia v. Pearson Educ., Inc.*, No. 15-CV-7289, 2016 WL 5921083, at *4 (S.D.N.Y. Oct. 7, 2016) (cleaned up).

Ordinarily a court should consider a number of factors in deciding whether a transfer of venue is appropriate, including:

> (1) the plaintiff's choice of forum, (2) the convenience of witnesses, (3) the location of relevant documents and relative ease of access to sources of proof, (4) the convenience of parties, (5) the locus of operative facts, (6) the availability of process to compel the attendance of unwilling witnesses, and (7) the relative means of the parties.

*N.Y. Marine & Gen. Ins. Co.*, 599 F.3d at 112 (cleaned up).  "The calculus changes, however, when the parties' contract contains a valid forum-selection clause."  *Atl. Marine Constr. Co. v. U.S. Dist. Ct.*, 571 U.S. 49, 63 (2013).

> First, the plaintiff's choice of forum merits no weight.  Rather, as the party defying the forum-selection clause, the plaintiff bears the burden of establishing that transfer to the forum for which the parties bargained is unwarranted. . . . Second, a court evaluating a defendant's § 1404(a) motion to transfer based on a forum-selection clause should not consider arguments about the parties' private interests.  When parties agree to a forum-selection clause, they waive the right to challenge the preselected forum as inconvenient or less convenient for themselves or their witnesses, or for their pursuit of the litigation. . . .
>
> As a consequence, a district court may consider arguments about public-interest factors only.  Because those factors will rarely defeat a transfer motion, the practical result is that forum-selection clauses should control except in unusual cases. . . .
>
> Third, when a party bound by a forum-selection clause flouts its contractual obligation and files suit in a different forum, a § 1404(a) transfer of venue will not carry with it the original venue's choice-of-law rules – a factor that in some circumstances may affect public-interest considerations.

*Id.* at 63-65 (cleaned up).  Accordingly, "because the overarching consideration under § 1404(a) is whether a transfer would promote the interest of justice, a valid forum-selection clause should be given controlling weight in all but the most exceptional cases."  *Id.* at 63 (cleaned up).  Courts

in this Circuit consider four factors in determining whether there is an enforceable forum selection clause:

> (1) whether the clause was reasonably communicated to the party resisting enforcement; (2) whether the clause is mandatory or permissive, i.e., whether the parties are required to bring any dispute to the designated forum or simply permitted to do so; and (3) whether the claims and parties involved in the suit are subject to the forum selection clause.  If the forum clause was communicated to the resisting party, has mandatory force and covers the claims and parties involved in the dispute, it is presumptively enforceable.  A party can overcome this presumption only by (4) making a sufficiently strong showing that enforcement would be unreasonable or unjust, or that the clause was invalid for such reasons as fraud or overreaching.

*Martinez v. Bloomberg LP*, 740 F.3d 211, 217 (2d Cir. 2014) (cleaned up).  "[W]here a contract contains both a valid choice-of-law clause and a forum selection clause, the substantive law identified in the choice-of-law clause governs the interpretation of the forum selection clause, while federal law governs the enforceability of the forum selection clause."  *Id.* at 214.  Thus, "[t]he analysis of those four factors is governed by a mixture of federal law and the law selected in the parties' contractual choice-of-law clause."  *ICICI Bank Ltd. v. Essar Glob. Fund Ltd.*, 565 B.R. 241, 251 (S.D.N.Y. 2017).  "The Second Circuit has held that federal law governs the first and fourth steps of forum selection clause analysis regardless of the existence of a choice of law provision."  *Prod. Res. Grp., L.L.C. v. Martin Pro., A/S*, 907 F. Supp. 2d 401, 409 (S.D.N.Y. 2012).  "In answering the *interpretive* questions posed by parts two and three of the four-part framework, however, [courts in the Second Circuit] normally apply the body of law selected in an otherwise valid choice-of-law clause," *Martinez*, 740 F.3d at 217-18 (emphasis in original), which in this case is New York law, (Settlement Agmt. ¶ 20).

The Supreme Court has emphasized that "[w]hen parties have contracted in advance to litigate disputes in a particular forum, courts should not unnecessarily disrupt the parties' settled

expectations. . . .  In all but the most unusual cases, therefore, the interest of justice is served by holding parties to their bargain."  *Atl. Marine*, 571 U.S. at 66.

## III.    DISCUSSION

For the reasons set forth below, the Court denies Plaintiffs' motion to remand and grants Defendants' motion to transfer this action to the United States District Court for the Eastern District of New York.  I thus need not reach the merits of Defendants' motion to dismiss for lack of personal jurisdiction.  *See Burns v. Grupo Mex. S.A. de C.V.*, No. 07-CV-3496, 2007 WL 4046762, at *7 (S.D.N.Y. Nov. 16, 2007) ("A district court is authorized to rule on a motion to transfer venue even if it has no personal jurisdiction over the defendants.") (cleaned up); *Insight Data Corp. v. First Bank Sys. Inc.*, No. 97-CV-4896, 1998 WL 146689, at *2 (S.D.N.Y. Mar. 25, 1998) (declining to consider motion to dismiss for lack of personal jurisdiction where motion to transfer venue was granted) (collecting cases).

### A.    Motion to Remand

"Because the removal statute only allows removal of actions within the Court's original jurisdiction, and because fundamental principles of American jurisprudence forbid the Court from acting in the absence of subject matter jurisdiction, plaintiffs' motion to remand must be examined before any other matter."  *Smartmatic USA Corp. v. Dominion Voting Sys. Corp.*, No. 13-CV-5349, 2013 WL 5798986, at *3 (S.D.N.Y. Oct. 22, 2013) (cleaned up); *see Lothian Cassidy, LLC v. Lothian Expl. & Dev. II, L.P.*, 487 B.R. 158, 161 (S.D.N.Y. 2013) (addressing a motion to remand before a motion to transfer venue); *Weiss v. Hager*, No. 11-CV-2740, 2011 WL 6425542, at *2 (S.D.N.Y. Dec. 19, 2011) (addressing a motion to remand before motion to dismiss).

Here there is no dispute that the Court has subject matter jurisdiction based on diversity of citizenship, *see* 28 U.S.C. § 1332, but Plaintiffs argue that removal was procedurally improper.

### 1.    Untimely Removal

Plaintiffs argue that Defendants' removal was untimely because the Defendants did not file their removal petition until June 6, 2022, more than thirty days after the Summons and Complaint were delivered to Defendants via Federal Express on April 28, 2022.  (Ps' Mem. at 12-13.)[5]  Defendants respond that removal was timely because they were not served until May 10, 2022, and thus removed within thirty days.  (Ds' Opp. at 6-8.)

"Under New York law, personal service of process by mail is complete on the date the signed acknowledgement of receipt is mailed or delivered to the sender and such form must be returned within 30 days of receipt by the defendant."  *Mogul v. N.Y. Pub. Radio*, No. 21-CV-5882, 2022 WL 814356, at *4 (S.D.N.Y. Mar. 17, 2022) (citing N.Y. C.P.L.R. § 312-a(b)(1)); *see Mende v. Milestone Tech., Inc.*, 269 F. Supp. 2d 246, 252 (S.D.N.Y. 2003) ("For service by mail to be effective, the defendant must then sign, date and complete the acknowledgment and mail or deliver one copy of the completed form to the sender within thirty days.") (cleaned up). Further, where service is made by mail, New York law requires the use of first class mail.  N.Y. C.P.L.R. § 312-a(a); *see Obot v. Navient Sols., Inc.*, 726 F. App'x 47, 48 (2d Cir. 2018) (summary order) ("Under New York law, [plaintiff] was required to send 'by first class mail, postage prepaid, a copy of the summons and complaint . . . together with two copies of a

_____

[5] Defendants argue that the Court need not consider this argument because it was already decided by Judge Hellerstein.  (Ds' Opp. at 4-5.)  I disagree.  Judge Hellerstein found that Defendants had not defaulted, because they had seven days to respond to the Complaint following removal.  (*See* ECF No. 14.)  He did not make a finding as to whether or not removal was timely.

statement of service by mail and acknowledgement of receipt in the form set forth in subdivision (d) of this section, with a return envelope, postage prepaid, addressed to the sender.' N.Y. C.P.L.R. § 312-a(a). Nowhere did [plaintiff] even assert that he complied with these requirements, and he specifically averred that he effected service through certified mail, rather than first-class mail. Accordingly, regardless of the entity on which he attempted service, service was ineffective under New York law.") (alterations in original); *Hartog v. Hellmuth & Johnson LLP*, No. 15-CV-2153, 2016 WL 590461, at *2 n.2 (E.D.N.Y. Feb. 11, 2016) ("Of course, even had the plaintiffs' representative served the defendants by 'U.S. Mail,' as he falsely claimed in his affidavit, the service would not have been effective since it was not made by first class mail.").

Here, Plaintiffs did not properly serve Defendants because they used Federal Express, not U.S. Postal Service First Class Mail, in mailing the summons and complaint. Further, as of April 28, 2022, Defendants had not returned the acknowledgment of receipt. The earliest date on which service might be proper is May 10, 2022, the date on which Defendants' counsel agreed to accept service on behalf of Defendants. (ECF No. 10-2); *see McDaniel v. Revlon, Inc.*, No. 20-CV-3649, 2021 WL 2784548, at *3 (S.D.N.Y. July 2, 2021) ("Courts in this district have concluded that an email exchange where a party agrees to accept service by email may constitute a binding agreement."). Because Defendants filed their notice of removal on June 6, 2022 – within thirty days of May 10, 2022 – removal was timely.

### 2.    Removal to the Wrong Court

Plaintiffs also raise as a ground for remand Defendants' removal of the case to the Manhattan "division" rather than the White Plains "division" of the Southern District of New York. (Ps' Mem. at 9.) In response, Defendants argue that they removed to the proper court

because the Southern District of New York does not have "divisions" and Rule 18(a)(3)(c) of the Southern District of New York Rules for the Division of Business Among District Judges required them to designate the case for Manhattan.  (Ds' Opp. at 6.)

As an initial matter, any violation of the Rules for the Division of Business would not be grounds for remand, as the preamble to those Rules makes clear that they "are adopted for the internal management of the case load of the court and shall not be deemed to vest any rights in litigants or their attorneys."

Second, Defendants are correct that the Southern District of New York does not have divisions.  *See Fulfree v. Manchester*, No. 98-7007, 1999 WL 385753, at *1 (2d Cir. June 7, 1999) (summary order) ("[Plaintiff's] contention that the removal notice was filed in the wrong 'division' of the Southern District of New York is erroneous as a matter of law since that district is not divided into divisions, *see* 28 U.S.C. § 112."); *United States v. Scott*, 545 F. Supp. 3d 152, 164 n.6 (S.D.N.Y. 2021) (Southern District of New York is divided into places of holding court, not divisions).  Accordingly, the question of whether the matter was properly assigned to Manhattan or White Plains does not implicate § 1441(a), which authorizes removal of an action from state court "to the district court of the United States for the district and division embracing the place where such action is pending."  28 U.S.C. § 1441(a).[6]  This district has no divisions,

---

[6] Even if the Southern District of New York had divisions and Defendants removed to the wrong one, the "district and division embracing" clause of § 1441(a) is a venue provision.  *See PT United Can Co. v. Crown Cork & Seal Co.*, 138 F.3d 65, 72 (2d Cir. 1998); *see also Polizzi v. Cowles Magazines, Inc.*, 345 U.S. 663, 666 (1953) ("Section 1441(a) expressly provides that the proper venue of a removed action is 'the district court of the United States for the district and division embracing the place where such action is pending.'").  "Removal of an action to an improper district is not a jurisdictional defect, but is akin to an improper venue situation." *Jackson v. City of N.Y.*, No. 07-CV-519, 2007 WL 1871511, at *1 (E.D.N.Y. June 28, 2007) (cleaned up).  "Improper venue does not affect a federal court's subject matter jurisdiction," *Park v. McGowan*, 11-CV-3454, 2011 WL 4963759, at *6-7 (E.D.N.Y. Oct. 19, 2011) (citing

and it is undisputed that it is the proper district to which to remove cases from Westchester Supreme Court.

But Defendants are incorrect that their designation of the Manhattan courthouse was proper under Rule 18(a)(3) of the Rules for the Division of Business. That rule governs civil cases filed in this district and requires "the plaintiff's attorney," at the time of filing, to designate either Manhattan or White Plains on the civil cover sheet based on where the claim arose or where the parties reside. But it is Rule 20 that governs "Removed Actions and Bankruptcy Matters," and that rule states that "cases removed from a state court in any of the Northern Counties . . . will be assigned to White Plains." Rule 20(a)(2). Westchester County is one of the "Northern Counties" under the rules, *see* Rule 18(a)(2)(B), and as such, this matter should have been assigned to White Plains upon removal. Nevertheless, "[t]he district court has discretion to excuse noncompliance with local court rules," *Fulfree*, 1999 WL 385753, at *1, and in any event, further analysis is unnecessary because the action has already been reassigned to White Plains and any violation of the local rules is moot.

### 3. Waiver

In their reply brief, Plaintiffs argue that Defendants waived their right to remove this case to federal court. (Ps' Reply at 2-5.)

As a threshold matter, "arguments or requests for relief raised for the first time in reply briefs need not be considered." *In re Various Grand Jury Subpoenas*, 235 F. Supp. 3d 472, 485 (S.D.N.Y. 2017), *modified on other grounds*, 2017 WL 564676 (S.D.N.Y. Feb. 13, 2017); *see ABN Amro Verzekeringen BV v. Geologistics Ams., Inc.*, 485 F.3d 85, 100 n.16 (2d Cir. 2007).

---

*Moreno-Bravo v. Gonzales*, 463 F.3d 253, 258 (2d Cir. 2006)), and "[a]n improper designation of venue may be remedied by transferring the action to the proper district." *Jackson*, 2007 WL 1871511, at *1.

Accordingly, I disregard this argument and deny Plaintiffs' motion to remand on the grounds already stated.

But even if I were to consider this argument, it is unconvincing.  The only case on which Plaintiffs rely is not factually analogous to the instant matter.  In *Lancer Ins. Co. v. MKBS, LLC*, the parties' contract included a forum selection clause with a waiver provision that explicitly stated:

> Each party irrevocably waives, to the fullest extent permitted by law, any objection which it may now or hereafter have to the laying of venue of any such suit, action or proceeding brought in any such court, any claim that any such suit, action or proceeding brought in such court has been brought in an inconvenient forum and the right to object, with respect to any such suit, action or proceeding brought in any such court, that such court does not have jurisdiction over such party or the other party.

No. 08-CV-3724, 2008 WL 5411090, at *1 (E.D.N.Y. Dec. 22, 2008).  Here, the Settlement Agreement did not include a waiver provision related to forum selection and so there is no feasible argument that Defendants intended to waive their removal rights.  Plaintiffs' only other argument for waiver rests on their interpretation of the forum selection language in the Settlement Agreement, which I reject below.

Accordingly, Plaintiffs' motion to remand and request for leave to move for costs and attorneys' fees are denied.

**B.**   **Motion to Dismiss or Transfer[7]**

**1.**   **Dismissal Under FRCP 12(b)(3)**

Defendants move to dismiss the Complaint for improper venue under Rule 12(b)(3). (ECF No. 9 ("Ds' Mem.") at 7-8.)  But Rule 12(b)(3) is not applicable in this case.

---

[7] Plaintiffs argue that Defendants' motion to transfer is duplicative of an "identical" motion in the United States District Court for the Eastern District of New York.  (Ps' Mem. at

"This question – whether venue is 'wrong' or 'improper' – is generally governed by

28 U.S.C. § 1391," *Atl. Marine*, 571 U.S. at 55, which states that "[e]xcept as otherwise provided

by law . . . this section shall govern the venue of all civil actions brought in district courts of the

United States," 28 U.S.C. § 1391(a)(1).  Here, this action was not "brought" in this district, and

instead was removed from New York State Supreme Court, Westchester County.  In *Polizzi v.*

*Cowles Magazines, Inc.*, the United States Supreme Court determined that 28 U.S.C. § 1391 does

not apply to removed actions:

> Section 1391(a) limits the district in which an action may be "brought."  Section
> 1391(c) similarly limits the district in which a corporation may be "sued."  This
> action was not "brought" in the District Court, nor was Respondent "sued" there;
> the action was brought in a state court and removed to the District Court.  Section
> 1441(a) expressly provides that the proper venue of a removed action is "the
> district court of the United States for the district and division embracing the place
> where such action is pending."

345 U.S. 663, 665-66 (1953); *see PT United Can Co.*, 138 F. 3d at 72 ("[T]he removal statute,

and not the ordinary federal venue statute, 28 U.S.C. § 1391, governs venue in removed cases.").

Thus, under *Polizzi*, § 1391 does not apply here and the action was properly removed to the

Southern District of New York pursuant to § 1441(a) because it was removed from a state court

in the district.

---

11-12.)  Plaintiffs refer to a letter motion filed by Woodway and Bayerlein on June 7, 2022 in
*Woodway USA, Inc. v. Speedfit LLC*, No. 22-CV-2455 (E.D.N.Y.), in which they requested that
both the instant action and that action be deemed related to *Speedfit I* and *Speedfit II*.  (*See* ECF
No. 19-2.)  Given that the letter motion was denied on July 26, 2022, (*see* Order dated June 26,
2022, *Woodway USA, Inc. v. Speedfit LLC*, No. 22-CV-2455), I need not address this argument,
except to observe that Woodway and Bayerlein are not arguing for transfer of this case – and I
would not grant it – based on relatedness, but rather based on the forum selection language in the
Settlement Agreement.  Whether this case, once transferred to the Eastern District, is deemed to
be related to *Speedfit I* and *Speedfit II* is a question for that Court.  Similarly, because the
question of relatedness is not before this Court, I need not address Plaintiffs' argument that
transfer would violate the "first-filed" rule.  (Ps' Mem. at 16; Ps' Reply at 5-6.)

Additionally, venue is not deemed "improper" within the meaning of Rule 12(b)(3) because a party brings an action in a forum not contemplated by a valid forum selection clause. *Atl. Marine*, 571 U.S. at 59. Instead, the forum selection clause is enforced through a motion to transfer under 28 U.S.C. § 1404. *Id.*

Therefore, Defendants' motion to dismiss pursuant to 12(b)(3) and 28 U.S.C. § 1391 is denied.

## 2.    Transfer Under 28 U.S.C. § 1404

Defendants move in the alternative to transfer this matter to the United States District Court for the Eastern District of New York pursuant to the forum selection clause in the Settlement Agreement. (Ds' Mem. at 9-11.)

As a preliminary matter, the parties disagree as to which provision in the Settlement Agreement constitutes the governing forum selection clause. Defendants argue that paragraph 20 contains the operative provision for determining forum selection. (Ds' Mem. at 7-8; Ds' Reply at 2-5). Paragraph 20 provides that "[t]he Parties agree to exclusive jurisdiction of the United States District Court for the Eastern District of New York and all claims or proceedings brought by a Party relating to this Settlement Agreement will [be] brought only in this District." (Settlement Agmt. ¶ 20.) Plaintiffs argue that the introductory section of the Settlement Agreement and paragraph 14 contain the operative forum selection provisions. (Ps' Mem. at 7-8.) The introductory section states that the Settlement Agreement "shall be enforced exclusively by any competent state or federal court within the state of New York," (Settlement Agmt. at 1), and paragraph 14 states, "[i]n the event of any breach of this Settlement Agreement, the non-breaching party may immediately seek any and all appropriate remedies, both legal and equitable, in any court of competent jurisdiction," (*id.* ¶ 14).

"A settlement agreement is a contract subject to principles of contract interpretation." *DeWitt v. DeWitt*, 879 N.Y.S.2d 516, 517 (2d Dep't 2009). Under New York law, "[w]here there is an inconsistency between a specific provision and a general provision of a contract, the specific provision controls." *Aguirre v. City of N.Y.*, 625 N.Y.S.2d 597, 598 (2d Dep't 1995). Here, paragraph 20 is the more specific provision of the contract, identifying the Eastern District of New York as the "exclusive jurisdiction" for "all claims or proceedings brought by a Party relating to this Settlement Agreement." Accordingly, to the extent there is inconsistency between paragraph 20 and the more general provisions of the contract – the introductory section and paragraph 14 – New York law dictates that paragraph 20 controls.[8] Moreover, "the rules of construction of contracts require the court to adopt an interpretation which gives meaning to every provision of a contract or, in the negative, no provision of a contract should be left without force and effect." *Macy's Inc. v. Martha Stewart Living Omnimedia, Inc.*, 6 N.Y.S.3d 7, 11-12 (1st Dep't 2015) (cleaned up). To read either the introductory statement or paragraph 14 as controlling would deprive paragraph 20 of any meaning. But reading paragraph 20 as the forum selection clause narrows but does not eviscerate the introductory statement and paragraph 14. I therefore turn to the four factors set forth in *Martinez*, 740 F.3d at 217, to determine whether the forum selection clause in paragraph 20 is enforceable.

      a.    <u>The Clause Was Reasonably Communicated to Plaintiffs</u>

In the Second Circuit, "courts assume that a forum-selection clause stated in clear and unambiguous language was reasonably communicated to the plaintiff." *Bent v. Zounds Hearing Franchising, LLC*, No. 15-CV-6555, 2015 WL 7721838, at *4 (S.D.N.Y. Nov. 30, 2015). "A

---

[8] I need not delve into how it came to be that a contract drafted by lawyers contained three different forum selection clauses.

forum selection clause may be deemed reasonably communicated where the clause at issue appears as a standard section in the main body of an agreement signed by [the parties] and is phrased in both clear and unambiguous language." *See Ujvari v. 1stdibs.com, Inc.*, No. 16-CV-2216, 2017 WL 4082309, at *8 (S.D.N.Y. Sept. 13, 2017) (cleaned up).

Here, the forum selection clause appears in the main body of the agreement and states the forum selection in clear and unambiguous language. Although the provision was included under the "Governing Law" section, Plaintiffs do not argue that they were confused by this nor do they make any argument that they were unaware of paragraph 20.

b.      The Clause Is Mandatory

"A forum selection clause is viewed as mandatory when it confers exclusive jurisdiction on the designated forum or incorporates obligatory venue language." *Phillips v. Audio Active Ltd.*, 494 F.3d 378, 386 (2d Cir. 2007). "The general rule in cases containing forum selection clauses is that when only jurisdiction is specified the clause will generally not be enforced without some further language indicating the parties' intent to make jurisdiction exclusive." *Fear & Fear, Inc. v. N.I.I. Brokerage, L.L.C.*, 851 N.Y.S.2d 311, 313 (4th Dep't 2008) (cleaned up).

Here, the parties' intent to make the jurisdiction exclusive is demonstrated by the language stating "[t]he Parties agree to *exclusive* jurisdiction of the United States District Court for the Eastern District of New York and all claims or proceedings brought by a Party relating to this Settlement Agreement will [be] brought *only* in this District." (Settlement Agmt. ¶ 20 (emphasis added).) By using the terms "exclusive" and "only," the parties made clear their intention to render the forum selection clause mandatory.

17

c.      The Forum Selection Clause Encompasses Plaintiffs' Claims

"When determining the scope of a forum selection clause, the Court examines the substance of the claims, shorn of their labels, and relates the substance of the claims to the precise language of the clause, discounting the precedential weight of cases that deal with dissimilarly worded clauses." *Prod. Res. Grp.*, 907 F. Supp. 2d at 412 (cleaned up).  There are generally two types of forum selection clauses:  "The narrower category includes terms such as 'arise out of,' 'arise from,' or 'arising under,' whereas the broader category includes terms such as 'in connection with,' 'relating to,' or 'associated with.'"  *Id.*  The forum selection clause at issue here covers "all claims or proceedings brought by a Party *relating to* this Settlement Agreement."  (Settlement Agmt. ¶ 20 (emphasis added).)  This clause thus falls under the broader category.

Plaintiffs brought this action to resolve Defendants' alleged breach of the Settlement Agreement.  (*See* ECF No. 1-1 at 3-11.)  Because this action relates to the Settlement Agreement, it falls squarely under the forum selection clause.

d.      The Interests of Justice and Validity of the Clause

Because the forum selection clause was reasonably communicated to Plaintiffs, is mandatory, and covers Plaintiffs' claims, it is presumptively enforceable.  *See Martinez*, 740 F.3d at 217.  "The fourth, and final, step is to ascertain whether the resisting party has rebutted the presumption of enforceability by making a sufficiently strong showing that enforcement would be unreasonable or unjust, or that the clause was invalid for such reasons as fraud or overreaching."  *Phillips*, 494 F.3d at 383-84 (cleaned up).  "[T]he Supreme Court has made clear that a plaintiff's burden at this step is a heavy one."  *Crede CG III, Ltd. v. 22nd Century Grp.*,

*Inc.*, No. 16-CV-3103, 2017 WL 280818, at *10 (S.D.N.Y. Jan. 20, 2017) (citing *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 19 (1972)).

Plaintiffs have not made any convincing arguments as to why enforcement of the forum selection clause would be unreasonable or unjust. In support of their argument for removal, Plaintiffs put forth a series of facts allegedly showing that the claims arose in Westchester County. (Ps' Mem. at 10.) But even if these facts did show that the claims arose in Westchester County – which they do not, as they are unrelated to where the breach of contract occurred – it would not shed light on how transfer to the Eastern District of New York is unreasonable or unjust. In their reply, Plaintiffs argue that Defendants should not be granted their requested transfer because of their "unclean hands" in initiating an allegedly retaliatory lawsuit in the Eastern District after Plaintiffs filed this case in Westchester Supreme Court. (Ps' Reply at 7-8.) Again, Plaintiffs improperly raised this argument for the first time on reply. *See In re Various Grand Jury Subpoenas*, 235 F. Supp. 3d at 485 (S.D.N.Y. 2017). But even if I were to consider it, the alleged impropriety of the Eastern District case sheds no light on whether enforcement of the forum selection clause in this case is unreasonable or unjust.

Accordingly, Defendants' motion to transfer venue is granted.

## IV. <u>CONCLUSION</u>

For the foregoing reasons, Plaintiffs' motion to remand is DENIED, Defendants' motion to dismiss under Rule 12(b)(3) is DENIED, Defendants' motion to transfer is GRANTED, and Defendants' motion to dismiss under Rule 12(b)(2) is DENIED without prejudice to renewal in

the transferee court.  The Clerk of Court is respectfully directed to terminate the pending

motions, (ECF Nos. 8, 19, 28, 34), and transfer this case to the Eastern District of New York.

**SO ORDERED.**

Dated:  November 22, 2022
          White Plains, New York

_____
CATHY SEIBEL, U.S.D.J.