```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------x
 Speedfit LLC and Aurel A. Astilean,

                        Plaintiffs,
                                                MEMORANDUM & ORDER
                                                22-cv-07993(EK)(JAM)
            -against-

 Woodway USA, Inc. and Douglas Bayerlein,

                        Defendants.

-------------------------------------x
-------------------------------------x

 Woodway USA, Inc.

                        Plaintiffs,

                                                MEMORANDUM & ORDER
            -against-                           22-cv-02455(EK)(JAM)

 Speedfit LLC and Aurel A. Astilean,

                        Defendants.

-------------------------------------x
```

ERIC KOMITEE, United States District Judge:

      Speedfit LLC has proceeded unrepresented by counsel in the above-captioned cases since June 2022, ECF No. 1 (22-cv-2455), and August 2023, respectively.  August 2, 2023 Order (22-cv-7993).  Plaintiff Aurel Astilean is the sole member of Speedfit LLC.  ECF No. 1 ¶ 8 (22-cv-2455).

      Speedfit LLC and Astilean were warned that failure to obtain counsel for the LLC would result in default for the LLC plaintiff. Then-Magistrate Judge Reyes wrote that "Speedfit and Astilean will have 30 days to find substitute counsel, or

Speedfit may be held in default and Astilean will have to proceed *pro se*." *Id.* As instructed, Astilean advised Judge Reyes that he wished to proceed *pro se* in case 22-cv-7993. Letter, ECF No. 49 (22-cv-7993). Moreover, Astilean wrote to the Court on May 16, 2024 that he is unable to provide a retainer agreement with counsel for Speedfit LLC because of financial constraints. Letter, ECF No. 63 (22-cv-7993).

It is settled that an LLC may only appear in federal court through a licensed attorney. *Lattanzio v. COMTA*, 481 F.3d 137, 140 (2d Cir. 2007) (even when an LLC has a sole member, it must still be represented by counsel). When a *pro se* litigant attempts to pursue claims on behalf of an otherwise unrepresented LLC, the LLC will be dismissed. *Japanese Juices LLC v. United States*, No. 20-CV-1371 (CM), 2020 WL 8679708, at *2 (S.D.N.Y. Mar. 5, 2020). Since Mr. Astilean has made it clear to the Court that SpeedFit LLC will not obtain counsel for these matters, ECF No. 63 (22-cv-7993), it must be dismissed from both cases for failure to prosecute. *See Jones v. Niagra Frontier Transp. Authority,* 722 F.2d 20, 23 ("[The individual] chose to accept the advantages of incorporation and must now bear the burdens of that incorporation; thus, he must have an attorney present the corporation's legal claims.").[1]

---

[1] Unless otherwise noted, when quoting judicial decisions this order accepts all alterations and omits all citations, footnotes, and internal quotation marks.

The Clerk of the Court is directed to amend the caption for 22-cv-7993 to read "Astilean v. Woodway USA, Inc. et al."; to amend the caption for 22-cv-2455 to read "Woodway USA, Inc. v. Astilean"; and to list Speedfit LLC as terminated on both dockets.

SO ORDERED.

/s/ Eric Komitee
ERIC KOMITEE
United States District Judge

Dated:   May 21, 2024
         Brooklyn, New York